UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LINDA RUBINO, as parent and natural
guardian of her minor child, KRYSTAL
RUBINO,

     Plaintiff,

vs.

WAL-MART STORES, INC.,

     Defendant.

_____/

02 6569

CIV - JORDAN
MAGISTRATE JUDGE
BANDSTRA

01 APR 10 PM 12: 11

### COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

     Plaintiff, Linda Rubino, as parent and natural guardian of her minor child, Krystal Rubino, ("Plaintiffs"), sue the Defendant, Walmart Stores, Inc. ("Defendant") for injunctive relief, attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA").

### JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181. et seq., as more fully set forth herein  This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Defendant owns and operates the place of public accommodation which is the subject matter of this claim as defined by the ADA and the regulations implementing the ADA.  28 CFR 36.201(a) and 36.104.  The place of public accommodation that the Defendant owns and operates is located at 12555 West Sunrise Boulevard, Sunrise, Florida 33323, and is known as the Wal-Mart located at Sawgrass Mall in Sunrise, Florida.

1



3.     Venue lies in the Southern District as the property which is the subject matter of this claim is located in Sunrise, Broward County, Florida and the Defendant is doing business in Sunrise, Broward County, Florida.

## STATUTORY BACKGROUND

4.     On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of  public accommodation.

5.     Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual on the basis of such individual's disability with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

6.     The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

7.     Plaintiff, Krystal Rubino, a minor child, suing herein through her mother and natural guardian, Linda Rubino, is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA.  She is afflicted with cerebral palsy and ambulates in a wheelchair.  She visited the property which forms the basis of this lawsuit on February 11, 2001, to shop for clothes, school supplies, and other goods and desires and plans to return to the property to avail herself of the goods and the services offered to the public at the property.

2

8.      The barriers to access at the property described below have effectively denied or diminished plaintiff's ability to visit the property and shop there.

9.      Plaintiff, Krystal Rubino, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described.

10.     Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

11.     Because Defendant owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the obligations of the ADA.

## THE INSTANT CLAIM

12.     Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26,1992. 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs. 28 CFR 36.402. Finally, if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

13.     Appendix A to Part 36 - Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

14.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CRF 36.302 et seq. as described below.

15.     Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less) by virtue of the following:

    a.     There exists no compliant check-out aisles in accordance with the provisions of §7.3 of the ADA Accessibility Guidelines, an appendix to the rules implementing Title III of the ADA.

    b.     There exists no service counters compliant with §7.2 of the ADA Accessibility Guidelines.

    c.     There exists no accessible routes in accordance with the provisions of §4.3 of the ADA Accessibility Guidelines.

    d.     There exists non-compliance with §4.4 of the ADA as to the store maintaining objects protruding into paths of travel; and

4

    e.      The accessible routes of travel through the store do not have 36-inch wide accessible routes as required by §4.3.3 of the ADA Accessibility Guidelines.

16.     The discriminatory violations described in the previous paragraph are not an exclusive list of the Defendant's ADA violations.

17.     The correction of these violations of the ADA is readily achievable.

18.     Plaintiffs have retained the undersigned counsel and is obligated to pay reasonable attorneys fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover these attorneys fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CRF 36.505.

19.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

21.     Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant to Plaintiffs injunctive relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA, or to close the facility either temporarily or permanently until such time as the defendant cures its violations of the ADA.

    **WHEREFORE,** Plaintiffs respectfully request:

    a.      A temporary injunction and a permanent injunction against the Defendant including an order to make all readily achievable alterations to the facility, or to make said facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. 12205.

c.      Such other relief as the Court deems just and proper.

Respectfully Submitted,

THE LAW OFFICES OF MALLAH, BLAKER
ARONOWITZ & STARLING
Attorneys for Plaintiffs
15500 New Barn Road, Suite 207
Miami Lakes, Florida 33014
Telephone:  (305)698-9939
Facsimile:   (305)818-6488

By:_____      APR 0 6 2001
        Jeffrey A. Blaker, Esquire
        FBN: 443913

A:\A PDocs RUBINO-Walmart Complaint.wpd

6

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to ref    ·ce related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for    cases

Date and Attorney Signature. Date and sign the civil cove